IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MOUNTAIN DUDES, LLC, a Missouri limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>SPLIT ROCK, INC., a Utah corporation, et al.,<br><br>    Defendants. | **ORDER and<br>MEMORANDUM DECISION**<br><br><br><br>Case No. 2:08-cv-940-CW<br>Consolidated Case No. 2:09-cv-540 CW |

    This court "must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998). Here, Plaintiff Mountain Dudes, LLC invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 in its complaint. As the court reviewed the complaint in this matter, however, it has become apparent that, for several reasons, the complaint does not allege sufficient facts for the court to satisfy itself that the requirements of § 1332 have been met.

    First, while Mountain Dudes asserts that it is a citizen of Missouri, the court cannot confirm that fact without knowing the citizenship of Mountain Dudes' members. That is because "for entities other than corporations," the court's "'diversity jurisdiction in a suit by or against

-1-

[an] entity depends on the citizenship of. . . . each of its members.'" *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990), internal quotations omitted). Likewise, Mountain Dudes does not assert the citizenship of the members of Defendants Split Rock Realty, LLC, Split Rock Fine Homes Real Estate Company, LLC, or of the members of Entrada at Snow Canyon Property Owner's Association. *See Penteco*, 929 F.2d at 1523 (if party is an association, citizenship of members considered for diversity). Until the court is made aware of the citizenship of the members of the limited liability companies and the association that are parties to this case, diversity is unclear.

Note that Mountain Dudes also failed to allege the citizenship of its members it its notice of removal in the consolidated case, 2:09cv540. Accordingly, that notice is insufficient to allow the court to conclusively determine whether it has diversity jurisdiction in that action.

Turning back to the instant action, the other impediment to clear jurisdiction here is that Mountain Dudes has named fictitious, or "Doe," defendants without making any allegations regarding their state citizenship. Generally, a plaintiff's failure to make allegations about the state citizenship of fictitiously named defendants destroys diversity jurisdiction and can lead to dismissal. *See, e.g., Commonwealth Property Advocates, LLC v. Ocwen Loan Servicing, LLC*, No. 2:10-CV-86 CW, 2010 U.S. Dist. LEXIS 42228 (D. Utah April 29, 2010).

The question of whether the Doe defendants prevent diversity here is likely moot, however. This action has been pending since 2008 and Mountain Dudes has never sought to amend the complaint to add an actual individual or entity in place of a Doe defendant. Under

Rule 4(m) of the Federal Rules of Civil Procedure, then, the court may dismiss the Doe defendants on its own motion after giving notice to Mountain Dudes.

Accordingly, Mountain Dudes has twenty days from the date of this order to show why this case and the consolidated case should not be dismissed for lack of subject matter jurisdiction. Moreover, Mountain Dudes has twenty days from the date of this order to show good cause for failing to serve the Doe defendants. If Mountain Dudes does not make such a showing, those defendants will be dismissed without prejudice.

Until the court is satisfied that it has jurisdiction in this action, it will not rule on any of the presently pending motions. If the court becomes confident that it has jurisdiction in this matter, it will work to promptly resolve all pending matters.

SO ORDERED this 12th day of January, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge