IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOUNTAIN DUDES, LLC, a Missouri limited liability company,<br><br>            Plaintiff,<br><br>vs.<br><br>SPLIT ROCK, INC., a Utah corporation, et al.,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER OF DEFAULT AS TO DEFENDANT SPLIT ROCK, INC.**<br><br>Case No.  2:08-cv-00940<br><br>Judge Clark Waddoups |

By Order dated November 19, 2009 [Dkt. No. 60], the court granted Plaintiff's motion for partial summary judgment against Defendant Split Rock, Inc. on the issue of liability for breach of the Real Estate Purchase Contract dated October 4, 2006 (the "REPC") alleged in the First Cause of Action in Plaintiff's Complaint. On April 21, 2011, the court further held that Defendant Split Rock, Inc. was liable for a specific breach of the REPC and found that "the only issue left for trial is damages related to Split Rock's breach of contract." (Memorandum Decision and Order dated April 21, 2011 at 28) [Dkt. No. 136]. The court refers to the recitation of facts in the April 21, 2011 Order for purposes of the present Order.

Thereafter, counsel for Split Rock, Inc. withdrew [Dkt. No. 142] and when Defendant Split Rock, Inc. failed to appoint new counsel and show cause as to why default judgment should not be entered in Plaintiff's favor by March 30, 2012 as required by the court, the court issued an Order dated April 2, 2012 entering default of Defendant Split Rock, Inc. [Dkt. No. 150]. Before

the court now is Plaintiff's Application for entry of the Default Judgment against Defendant Split Rock, Inc. [Dkt. No. 152.]

In the papers supporting its Application, Plaintiff argues that the Default Judgment should relate to "Split Rock, Inc. and its successors" so that Plaintiff can "protect and not waive its rights under the doctrine of successor liability." (Req. Sub. Dec. on Appl. for Default Judgment, 2) [Dkt. No. 163] (citing *Decius v. Action Collection Serv.*, 105 P.3d 956 (Utah App. 2004)). The court finds this unnecessary and, in fact, notes that Utah has adopted "the traditional rule of successor *nonliability* and its four exceptions as outlined in section 12 of the Restatement (Third) of Torts." *Tabor v. Metal Ware Corp.*, 168 P.3d 814, 817 ¶ 11 (Utah 2007) (emphasis added) (examining successor liability in the product liability context and upholding the four traditional exceptions rather than expanding them to include a "product line exception" or "continuity of enterprise exception"); *accord Ekotek Site PRP Comm. v. Self*, 948 F.Supp. 994, 1001 (D. Utah 1996) (rejecting plaintiff's claim of successor liability under the "mere continuity" exception).

This is consistent with *Decius*, cited by Plaintiff, which held that "[w]here one company sells or otherwise transfers all its assets to another company, the latter is *not* responsible for the debts and liabilities of the transferor" subject to the same four exceptions listed in the Restatement. 105 P.3d at 958 ¶ 8 (emphasis added). These exceptions are "(1) the purchaser expressly or impliedly agrees to assume such debts; (2) the transaction amounts to a consolidation or merger of the seller and purchaser; (3) the purchasing corporation is merely a continuation of the selling corporation; or (4) the transaction is entered into fraudulently in order to escape liability for such debts." *Id.* at 958-959 ¶ 8. Thus, *Decius* supports the general rule of successor nonliability subject to the four exceptions that must be proven separately. Making

2

room for such an eventuality is not appropriate in this Order because Plaintiff would need to bring an action and marshal the evidence at that time in support of its claim that one of the exceptions applies if necessary to collect this judgment.

Also in support of its Application, Plaintiff provides by affidavit evidence of the amount which it is entitled to receive from Defendant Split Rock, Inc., including as to attorneys' fees and expenses. (Decl. Derek E. Anderson Supp. Appl. Default Judgment, 4-5, 8) [Dkt. No. 154]. The court notes its previous ruling that "[a]s a matter of contractual interpretation, the Settlement Agreement anticipates that Mountain Dudes would retain any payments Split Rock made until the damages issue in this action is resolved." (Order dated April 21, 2011 at 26) [Dkt. No. 136]. But this also contemplates, as was argued by Plaintiff in support of its motions for summary judgment, that the amounts that Split Rock, Inc. paid to Plaintiff under the Settlement Agreement before failing in its continued performance of that Agreement—totaling $50,304.25 (*see* Complaint in consolidated action 2:09-cv-00540-DS at 6) [Dkt. No. 59-4]—are to be "credited to any judgment Mountain Dudes obtains against Split Rock, if any." (Settlement Agreement, Section 4 at 4) [Dkt. No. 154-2]. Plaintiff's materials in support of the amount of the Default Judgment, however, do not account for the sums already paid by Split Rock, Inc. under the Settlement Agreement. The proposed amount of the Default Judgment will therefore be reduced by the amount of $50,304.25 paid by Split Rock, Inc. under the Settlement Agreement.

Accordingly, it is hereby ORDERED, ADJUDGED, RULED, AND DECREED that judgment be entered in favor of Plaintiff, Mountain Dudes, LLC, against Defendant and Consolidated-Plaintiff Split Rock, Inc. in the amount of $1,175,507.98.

SO ORDERED this 9th day of November, 2012.

                                             BY THE COURT:

                                             _____
                                             Clark Waddoups
                                             United States District Judge