IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOUNTAIN DUDES,<br><br>    Plaintiff,<br><br>v.<br><br>SPLIT ROCK, et al.,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:08-cv-00940-CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This supplemental matter was referred to the Court. (Docket Nos. 178; 180.) Plaintiff is Mountain Dudes. Defendants in the underlying action included: (1) Split Rock, Inc.; (2) Split Rock Fine Homes Real Estate; (3) Split Rock Realty; (4) Split Rock Fine Homes; (5) Entrada at Snow Canyon Property Owner's Association; (6) Joseph L. Platt; (7) Bartley Smith; (8) Weldon Larsen; (9) Kent L. Bylund; (10) Mary Musgrave; and (11) Brady Platt.

On November 9, 2012, District Judge Clark Waddoups ordered a default judgment in Plaintiff's favor against Defendant Split Rock, Inc. for $1,175,507.98. (Dkt. No. 165.) Plaintiff became the Judgment Creditor ("Creditor"), and Defendant Split Rock, Inc. became the Judgment Debtor ("Debtor"). Debtor failed to satisfy the judgment.

On April 26, 2013, Creditor moved for supplemental orders in supplemental proceedings. (Dkt. No. 178.) On May 31, 2013, this Court held a hearing on the motion. (Dkt. No. 187.) For

the reasons stated at the hearing, and discussed below, the Court **RECOMMENDS** that the District Court **GRANT** Creditor's motion.

## II.     PROCEDURAL HISTORY

On January 9, 2013, District Judge Waddoups ordered Debtor to designate a person knowledgeable about its assets to appear for supplemental proceedings.  (Dkt. No. 170.)  District Judge Waddoups ordered this person to answer questions about Debtor's assets.  (*Id.*)  He also ordered this person to bring documents relating to such assets, described as items 1-24.  (*Id.*, Attach. A.)

Debtor designated Defendant Joseph L. Platt to appear as the person knowledgeable about Debtor's assets because he served as Debtor's vice president and shareholder.  Accordingly, on January 11, 2013, Creditor served Defendant Platt a subpoena to produce his communications and documents about Debtor's assets, described as items 1-25.  (Dkt. No. 178-2.)

On January 30, 2013, this Court conducted supplemental proceedings.  (Dkt. No. 175.)  To satisfy District Judge Waddoups' order to produce items 1-24, Platt provided 3,400 pages of documents.  (Dkt. No. 178 at 4.)  However, he failed to produce items 5-9, and 12-19.  (*Id.*)  He also failed to produce any items subpoenaed from him.  (*Id.*)

During the hearing, Platt testified about an "old Split Rock," and a "new Split Rock."  (Dkt. No. 178 at 4.)  Platt testified that the old Split Rock transferred its name, goodwill, and build rights for about fifty land lots to the new Split Rock.  (*Id.*)  The New Split Rock began doing business as Split Rock Holdings, as well as several other entities.  (*Id.*)  The New Split Rock involved Defendants Platt, Kent Bylund, Bart Smith, and Ren Boyce.  (*Id.*)

On March 28, 2013, the Court conducted continued supplemental proceedings.  (Dkt. No. 177.)  During the hearing, Platt testified that Debtor found twenty boxes containing documents

responsive to District Judge Waddoups' original supplemental order. (Dkt. No. 178 at 6.) However, Platt failed to provide them at the hearing. On his counsel's advice, Platt refused to produce documents, and refused to answer questions about the new Split Rock. (*Id.*)

Thereafter, Creditor submitted this motion for supplemental orders to obtain information about the build rights, and other assets that Debtor transferred to the new Split Rock. (Dkt. No. 178.) To that end, Creditor moves to conduct continued supplemental proceedings at which Debtor, and the following entities and individuals ("nonparties"), answer questions and produce documents: (1) representatives from the New Split Rock;[1] (2) Defendants Platt, Bylund, Smith, and Boyce; and (3) representatives from these Defendants' respective family limited partnerships. (Dkt. No. 178-17, Attach. B.) Although the default judgment does not extend to the nonparties, Creditor also moves to prohibit the nonparties from transferring any assets subject to the judgment. (Dkt. No. 178-17 at 2-3.)

### III. STANDARD OF REVIEW FOR SUPPLEMENTAL PROCEEDINGS

A judgment creditor may move "to have the judgment debtor *or other person* in possession of, or having information relating to, property or other assets that may be subject to execution or distraint appear in court and answer questions concerning such property or assets." DUCivR 69-1(a) (emphasis added). "In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from *any person* – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added). *See also* Utah R. Civ. P. 64(c)(2) ("The Court may conduct hearings . . . to identify property" subject to judgment, and "[t]he court may permit discovery.").

---

[1] The new Split Rock entities include: (1) Split Rock Holdings; (2) Split Rock Construction; (3) Split Rock Development; (4) Split Rock Development Group; (5) Split Rock at Entrada Real Estate Company (Landea Realty); (6) Split Rock Design; and (7) Split Rock Interior. (Dkt. No. 178-17, Attach. B ¶ A.)

IV.     **ANALYSIS OF CREDITOR'S MOTION FOR SUPPLEMENTAL ORDERS**

**A. Whether Court may Require Nonparties to Appear and Produce Documents**

Creditor moves the nonparties to answer questions, and to produce documents from June 2009 onward about the build rights, as well as their financial information. (Dkt. No. 178-17, Attach. B.) At the May 31, 2013 hearing, Creditor explained that Debtor transferred its name and build rights to the nonparties in June 2009. As such, the documents Creditor seeks will help Creditor identify any benefits the nonparties received from the build rights, as well as other transferred assets.

Debtor opposes Creditor's motion because it believes the Court lacks jurisdiction over the nonparties. (Dkt. No. 183 at 3.) In other words, because the default judgment only affects Debtor, Debtor believes the Court lacks jurisdiction to ask nonparties "overly broad questions about [their] assets . . . ." (*Id.*) Similarly, Debtor argues the Court lacks jurisdiction to require nonparties to produce their financial information. (*Id.* at 2.)

Nonparties "generally may be examined only about the judgment debtor's assets and cannot be required to disclose their own assets." *Hartford Fire Ins. Co. v. P&H Cattle Co., Inc.*, Civil Action No. 05-2001-DJW, 2009 WL 2951120, at *7 (D. Kan. Sept. 10, 2009) (unpublished) (citing *Nat'l Union Fire Ins. Co of Pittsburgh, Pa. v. Van Waeyenberghe*, 148 F.R.D. 256, 257 (N.D. Ind. 1993)).

However, courts permit such discovery against nonparties where the creditor makes a "heightened showing of necessity and relevance - i.e., at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor." *Hartford*, 2009 WL 2951120, at *7 (allowing discovery against nonparty where creditor "raised an issue about the propriety of the transfer of assets between" Debtor and nonparty trust).

For example, courts permit nonparty discovery where a creditor "rais[es] [a] colorable suspicion" that the nonparty is a "mere extension[]" of a debtor's "business operations." *Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 9 (D.D.C. 2006) (reasoning a creditor could obtain discovery from nonparty businesses where debtor's relatives ran the nonparty businesses, and the businesses "came into existence on the day" the court entered judgment against debtor). *See also Credit Lyonnais, S.A. v. SGC Intern. Inc.*, 160 F.3d 428, 431 (8th Cir. 1998) (allowing creditor to depose corporate officer because his "closely linked" relationship to debtor corporation "sufficient[ly] [] raise[d] a reasonable doubt about the bona fides of any transfer of assets between them."); *S.E.C. v. Badger*, No. 2:97-CV-963K, 2009 WL 816133, at *2 (D. Utah Mar. 26, 2009) (unpublished) (permitting post-judgment subpoena on nonparty where subpoena sought financial documents that would allow creditor to determine whether debtor commingled finances with nonparty).

Here, the Court **RECOMMENDS** the District Court **GRANT** Creditor's motion for supplemental orders to conduct discovery against nonparties. (Dkt. No. 178.) Creditor presented adequate evidence that suggests the nonparties are mere extensions of Debtor, and that Debtor transferred assets subject to judgment to the nonparties.

On June 24, 2009, Debtor transferred $2,700,000.00 in assets to the nonparties. (Dkt. No. 178-6.) The transaction's timing alone raises suspicions. Debtor chose to conduct the transfer just one week after Creditor filed its summary judgment motion in the underlying civil litigation. (Dkt. No. 45.)

Turning to the transaction's substance, Debtor - through its shareholders Platt, Bylund, Smith, and Boyce - transferred its name, and the aforementioned build rights, to nonparty Split

Rock Holdings. (Dkt. No. 178-6.) At the time, Split Rock Holdings consisted of Platt, Bylund, Smith, and Boyce's family limited partnerships. (Dkt. No. 178-12.)

Debtor's decision to transfer its business name to a nonparty comprised of its own shareholders' family partnerships suggests these nonparties are mere extensions of Debtor's business operations. Debtor's decision to transfer build rights that Creditor could have used to satisfy its judgment also raises reasonable suspicions about the bona fides of the transfer.

Creditor strengthened this reasonable suspicion by showing that in 2010, Split Rock Holdings further assigned the build rights *directly* to Platt, Bylund, Smith, and Boyce's family limited partnerships, as well as an individual named Patrick Manning. (Dkt. No. 178-12.) This 2010 agreement "create[d] a Relationship to: provide[] for the continued development of real estate under the [build rights], and for the continued sharing of responsibility and *benefit* of said [build rights] . . . ." (Dkt. No. 178-12, ¶1.a) (emphasis added.)

At the May 31, 2013 hearing, Debtor denied engaging in a plot to avoid paying the judgment. Debtor noted it fully disclosed the June 24, 2009 transaction to Creditor. However, Debtor's disclosure fails to diminish Creditor's need to conduct relevant discovery about these transferred build rights, and related benefits. Creditor understandably wants to learn whether it can better trace such assets to Debtor to satisfy its judgment.

### B. Whether Court may Order Restraint

District Judge Waddoups previously restrained Debtor from transferring assets subject to judgment. (Dkt. No. 170 at 2.) In its current motion, Creditor asks the Court to prohibit the nonparties from selling, loaning, transferring, giving away, or otherwise disposing of "non-exempt assets, property, [and] any Build Rights" pending the continued supplemental proceedings, and until Creditor's "judgments have been satisfied." (Dkt. No. 178-17 at 2-3.)

In supplemental proceedings, "[t]he moving party . . . may request that the debtor *or other person* be ordered to refrain from alienation or disposition of the property or assets in any way detrimental to the moving party's interest."  DUCivR 69-1(a) (emphasis added).  *See also* Utah R. Civ. P. 64(c)(3) ("The court may forbid *any person* from transferring, disposing or interfering with the property" subject to judgment) (emphasis added).  Where "the moving party seeks a restraint of the debtor's or other person's property, the magistrate judge will make findings and a report for the district judge with an order for restraint that the district judge may issue."  DUCivR 69-1(b).

For the reasons discussed above, this Court **RECOMMENDS** the District Court **GRANT** Creditor's motion for supplemental orders restraining the nonparties from transferring assets. (Dkt. No. 178.)  Creditor presented sufficient evidence to suggest that Debtor transferred assets subject to judgment, like the build rights, to these nonparties.

## V. WHETHER DISTRICT COURT'S PREVIOUS SUPPLEMENTAL ORDER, AND PLATT'S SUBPOENA ARE OVERBROAD

In its opposition to Creditor's present motion, Debtor objects to District Judge Waddoups' January 2013 supplemental order, and to the January 2013 subpoena served on Platt.  Debtor claims the order and subpoena "sought . . . over broad and inappropriate" discovery "dating back to 2001 and far more information than what would be executable or subject to distraint."  (Dkt. No. 183 at 4.)

Debtor failed to cite any law suggesting this Court possesses authority to overturn District Judge Waddoups' January 2013 order.  Moreover, this Court believes that Debtor waived any objection to that order, and to Platt's subpoena, by not filing a timely objection or opposition.  To the extent Debtor argues Platt raised an oral objection at his supplemental proceedings, this does

not constitute a formal or timely objection. As such, this Court **RECOMMENDS** the District Court **DENY** Debtor's present opposition to the District Court's order, and to the Platt subpoena.

## VI.   RECOMMENDATIONS

For the reasons above, the Court makes the following **RECOMMENDATIONS**:

The Court **RECOMMENDS** the District Court **GRANT** Creditor's motion for supplemental orders in supplemental proceedings. (Dkt. No. 178.) For the District Court's signature, this Court attaches Creditor's proposed supplemental orders as "Exhibit 1" hereto.

The Court **RECOMMENDS** that, no later than **June 19, 2013**, Creditor serve subpoenas on the nonparties referenced in the proposed supplemental orders. Creditor should attach a copy of this report and recommendation to the subpoenas.[2]

The Court **RECOMMENDS** that Creditor and Debtor draft a mutually agreeable protective order to protect any confidential nonparty information sought via the supplemental orders.[3]

The Court **RECOMMENDS** the District Court **DENY** Debtor's objection/opposition to the District Court's January 9, 2013 supplemental order, and to the January 11, 2013 subpoena served on Defendant Platt. (Dkt. No. 183.)

---

[2] At the May 31, 2013 hearing, Debtor requested that Creditor serve these subpoenas, and Creditor agreed to.

[3] At the May 31, 2013 hearing, Debtor requested a protective order, and Creditor agreed to one.

The parties will receive copies of the foregoing report and recommendation, and are hereby notified of their right to object. Parties must file any objections **within fourteen days** after being served with a copy of the report and recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 5th day of June, 2013.    By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOUNTAIN DUDES,<br><br>          Plaintiff,<br><br>v.<br><br>SPLIT ROCK, et al.,<br><br>          Defendants. | SUPPLEMENTAL ORDERS IN SUPPLEMENTAL PROCEEDINGS AGAINST JUDGMENT DEBTOR SPLIT ROCK, INC.<br><br>     Case No. 2:08-cv-00940-CW<br><br>     District Judge Clark Waddoups<br><br>     Magistrate Judge Dustin B. Pead |

Having considered the JUDGMENT CREDITOR'S MOTION FOR SUPPLEMENTAL ORDERS IN SUPPLEMENTAL PROCEEDINGS AGAINST SPLIT ROCK, INC., filed with the Court, and being fully informed, the Court finds that:

1.     Judgment was entered against Split Rock on November 28, 2012, by the above-captioned Court.  Said judgment was entered in the amount of $1,175,507.98.  (Dkt. Nos. 164; 166.)

2.     No portion of the judgments has been satisfied, and judgment creditor Mountain Dudes is unable to use the remedies provided by law for the collection of judgments because it does not have sufficient information about Split Rock's property and assets.

3.	The information requested by the judgment creditors on Attachment "B," attached hereto and incorporated herein by this reference, is designed to obtain the information needed to collect on the judgment.

Based on the foregoing, and for good cause appearing, IT IS HEREBY ORDERED:

1.	That these Supplemental Orders issue, and that those Related Entities, Individuals, and Trusts listed in ATTACHMENT "B" hereto and incorporated herein by this reference, appear before this Court and produce and answer under oath to the Documents, Information, and Topic Areas listed in ATTACHMENT "B", on **July 19, 2013** at **9:30 a.m.** in Room 248 located at 350 South Main Street, Salt Lake City, Utah 84101.[1]

2.	That Split Rock, Inc., Split Rock Holdings, Split Rock Construction, Joseph L. Platt, Kent L. Bylund, Bart Smith, Ren Boyce, or anyone affiliated with any of them,[2] including any affiliated entity or trust of any of them, shall not sell, loan, transfer, give away, or otherwise dispose of its non-exempt assets, property, and any Build Rights,[3] including any proceeds therefrom, pending said hearing, and until such time Mountain Dudes' judgments have been satisfied.

---

[1] At the May 31, 2013 hearing before Magistrate Judge Pead, both Debtor and Creditor agreed to this date and time for continued supplemental proceedings.

[2] This includes Split Rock, Inc., Old Spi, Inc. ("old Split Rock") and Split Rock Holdings, Split Rock at Entrada Real Estate Company (Landea Realty), Split Rock Design, Split Rock Construction, ("new Split Rock"), Joseph L. Platt, Kent L. Bylund, Bart Smith, Ren Boyce, and their respective family trusts or limited partnerships.

[3] "Build Rights" or "Build Restrictions" include those described by Platt and referred to in Judgment Creditor's Motion For Supplemental Orders, including those valued in EXHIBIT 6, section 1 thereto for $2,700,000.00.

3. If you fail to attend the hearing and/or fail to produce the documents and information here ordered, you might be held in contempt of court and a warrant might be issued for your arrest.

SO ORDERED this _____ day of _____, 2013.

By the Court:

_____

Clark Waddoups
United States District Judge

**ATTACHMENT "B"**

You, SPLIT ROCK, INC. ("Split Rock" or "Judgment Debtor"), as well as the related entities, individuals, and trusts set forth below, are ORDERED TO APPEAR before the Honorable Magistrate Judge Dustin B. Pead of this Court located at 350 South Main Street, Salt Lake City, Utah 84101, Room 248, on July 19, 2013 at 9:30 a.m., regarding the following topics, information and documentation related to the property and assets of Judgment Debtor, AND TO PRODUCE the following information and documentation:

A.  RELATED ENTITIES, INDIVIDUALS, TRUSTS:

1. Joseph L. Platt and the Joseph L. and Susan A. Platt Family Protection Limited Partnership
2. Kent L. Bylund and the Bylund Family Limited Partnership
3. Bart Smith and the Bartley Smith Family Limited Partnership
4. Ren G. Boyce and the Ren Boyce Family Limited Partnership
5. Split Rock, Inc.
6. Split Rock Holdings
7. Split Rock Construction
8. Split Rock Development
9. Split Rock Development Group
10. Split Rock at Entrada Real Estate Company (Landea Realty)
11. Split Rock Design
12. Split Rock Interior

N/A
N/A

**B. DOCUMENTS, INFORMATION, TOPIC AREAS:**

1. Any and all documents pertaining to any and all "Build Rights,"[1] including those testified to by Joseph L. Platt ("Platt") on January 30, 2013 and March 28, 2013 valued at $2,700,000.00. These include any and all documents for any and all "Build Rights" on any and all lots sold, in progress of sale, and not yet sold.

2. Any and all "Unproduced Documents"[2] previously ordered by this Court in its Order In Supplemental Proceedings Against Split Rock, Inc. filed January 9, 2013. (Dkt. No 170.)

3. Any and all documents set forth in the Subpoena dated January 4, 2013 to Platt, served upon him on January 11, 2013, Exhibit 2 to Judgment Creditor's Motion For Supplemental Orders ("Platt Subpoena").

4. Any and all documents set forth in the letter to Platt dated February 5, 2013, Exhibit 3 to Judgment Creditor's Motion For Supplemental Orders ("Letter to Platt #1").

5. Any and all documents set forth in the letter to Platt dated February 13, 2013, Exhibit 4 to Judgment Creditor's Motion For Supplemental Orders ("Letter to Platt #2").

6. Any and all documents which refer to, relate to, or are evidence of the Chaco West property for sale depicted for sale in Exhibit 5 to Judgment Creditor's Motion For Supplemental Orders, including the sale of the property, Permit #38253 and the creation of the sign itself ("Chaco West Property/Sign").

---

[1] "Build Rights" or "Build Restrictions" include those described by Platt and referred to in Judgment Creditor's Motion For Supplemental Orders, including those valued in EXHIBIT 6, including section 1 thereto for $2,700,000.00.

[2] "Unproduced Documents" refer to all documents not produced by Judgment Debtor as requested in the Order In Supplemental Proceedings, Attachment "A," filed January 9, 2013 (Dkt. No. 170) including categories 1-24, including items 5-9 and 12-19, and the twenty (20) boxes testified to by Platt on March 28, 2013.

7. Any and all documents which refer to, relate to, or are evidence of the disposition, transfer and/or sale, including bill of sale and payment received, of and for any and all Split Rock equipment, including but not limited to all equipment listed in Exhibit 16 to Judgment Creditor's Motion For Supplemental Orders ("Equipment List").

8. All banking statements for Judgment Debtor from March 2009 through December 2009, and to present, including for such banks as Barnes Banking Co. account number 121000061, and Zions account number 034156661.

9. Any and all documents which refer to, relate to or are evidence of Split Rock Holdings, including its related sub-interests Split Rock at Entrada Real Estate Company (Landea Realty) and Split Rock Design, Split Rock Interior, Split Rock Construction, Split Rock Development, Split Rock Development Group, from June 2009 through the present, including for each:

    a. All organizational documents;

    b. All documents indicating or relating to the initial capitalization;

    c. All bank statements;

    d. All financial statements, including all income, profit and loss statements;

    e. All long and short term debts;

    f. All federal and state tax returns;

    g. All assets;

    h. All documents of any and all real property interests;

    i. All accounts receivable;

    j. All promissory notes, owed or payable;

    k. All equipment, vehicles, recreational vehicles with a value of over $100.

10. Any and all documents which refer to, relate to or are evidence of Split Rock Holdings' participants, including Joseph L. Platt and the Joseph L. Platt and the Joseph L. and Susan A. Platt Family Protection Limited Partnership; Kent L. Bylund and the Bylund Family Limited Partnership; Bart Smith and the Bartley Smith Family Limited Partnership; and Ren G. Boyce and the Ren Boyce Family Limited Partnership from June 2009 through the present, including for each:

    a. All organizational documents;

    b. All documents indicating or relating to the initial capitalization;

    c. All bank statements;

    d. All financial statements, including all income, profit and loss statements;

    e. All long and short term debts;

    f. All federal and state tax returns;

    g. All assets;

    h. All documents of any and all real property interests;

    i. All accounts receivable;

    j. All promissory notes, owed or payable;

    k. All equipment, vehicles, recreational vehicles with a value of over $100;

    l. All documents listed in Attachment 1 to the Subpoenas To Produce Documents dated February 13, 2013 for Kent L. Bylund, Ren Boyce Family Trust/Ren G. Boyce, and Bart Smith (respectively Exhibits 13, 14, and 15 to Judgment Creditor's Motion For Supplemental Orders).

11. All twenty (20) boxes identified by Platt and Bart Smith as evidenced by Exhibit 16 to Judgment Creditor's Motion For Supplemental Orders.

12. The identity, full names, and all related participants and last known addresses for each of the Related Entities, Individuals and Trust listed in A 1-14 above, as well as the full name and address for the former wife of Kent L. Bylund.