IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOUNTAIN DUDES, LLC, a Missouri limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SPLIT ROCK, INC., a Utah corporation, et al.,<br><br>Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATIONS**<br><br>Case No. 2:08-cv-00940<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Magistrate Judge Dustin B. Pead's Report and Recommendation (Dkt. No. 189) on Plaintiff's Motion for Supplemental Orders in Supplemental Proceedings (Dkt. No. 178). In reviewing the Report and Recommendation under a 28 U.S.C. § 636(b)(1)(B) referral, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." For the reasons stated herein, the magistrate judge's Report and Recommendation on the Motion for Supplemental Orders in Supplemental Proceedings is approved and adopted, and the motion hereby GRANTED.

## ANALYSIS

### I. Plaintiff's Motion for Supplemental Orders

Plaintiff Mountain Dudes, LLC, moves the court to enter supplemental orders in supplemental proceedings to require Defendant Split Rock, Inc. and eleven other individuals and entities ("nonparties") to answer questions and produce documents related to transactions with,

and the property and assets of Defendant Split Rock, Inc. The named nonparties are: (1) Split Rock Interior; (2) Split Rock Design; (3) Split Rock at Entrada Real Estate Company (Landea Realty); (4) Split Rock Development Group; (5) Split Rock Development; (6) Split Rock Construction; (7) Split Rock Holdings; (8) Ren G. Boyce and the Ren Boyce Family Limited Partnership; (9) Bart Smith and the Bartley Smith Family Limited Partnership; (10) Kent L. Bylund and the Bylund Family Limited Partnership; and (11) Joseph L. Platt and the Joseph L. and Susan A. Platt Family Protection Limited Partnership. Plaintiff also requests the court to prohibit the nonparties from transferring any assets which may be subject to the judgment of the court which was entered against Defendant Split Rock on November 28, 2012. The motion is based on the premise that Plaintiff has been unable to collect any of the $1,175,507.98 owed it by Defendant, and Plaintiff now seeks additional discovery to aid in its collection efforts. Report and Recommendation (Dkt. No. 178). Both the order to answer questions and produce documents, and the order to refrain from disposing of property are proper.

**A. Order to Answer Questions and Produce Documents**

Under Fed. R. Civ. P. 69(a)(2) a judgment creditor "may obtain discovery from *any person*" including, but not limited to the judgment debtor, as provided in either the federal rules or the procedure of the state wherein the court is located. Fed. R. Civ. P. 69(a)(2) (emphasis added). DUCivR 69-1(a) provides that "[a]ny party having a final judgment on which execution may issue may make a motion to have the judgment debtor *or other person* in possession of, or having information relating to, property or other assets that *may be* subject to execution or distraint appear in court and answer concerning such property or assets." DUCivR 69-1(a) (emphasis added). Additionally, the moving party "may request that the debtor or other person

be ordered to refrain from alienation or disposition of the property or assets in any way detrimental to the moving party's interest. DUCivR 69-1(a).

The rules governing discovery "are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). This is true whether the discovery is part of pre-trial or post-judgment proceedings. *Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 430 (8th Cir. 1998). The purpose of post-judgment discovery is "to learn information relevant to the existence or transfer of the judgment debtor's assets." *British Intern. Ins. Co., Ltd. v. Seguros La Rupublica, S.A.*, 200 F.R.D. 586, 589 (W.D. Tex. 2000). Thus, when supplemental proceedings are "an attempt to discover assets by which to satisfy its judgment, plaintiff is entitled to a very thorough examination of the judgment debtor." *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 335 (E.D.Pa. 1974.) This thorough examination includes third parties. Indeed, "there is no doubt that third parties can be examined in relation to the financial affairs" of a judgment debtor. *Caisson Corp*. 62 F.R.D. at 335. Whether third parties may be required to disclose information about their own assets is a separate question.

While disclosure concerning the assets of a nonparty is "not generally contemplated" by the federal rules, courts have permitted such discovery "upon a somewhat heightened showing of necessity and relevance - *i.e.*, at least some demonstration of concealed or fraudulent transfers or alterego relationship with the judgment debtor." *Uniden Corp. Of America v. Duce Trading Co., Ltd.*, 1993 WL 286102 (W.D.N.Y. July 19, 1993) (Unpublished.) This "somewhat heightened" standard does not require an actual finding of alterego or fraud. Rather, discovery has been permitted against a nonparty "where the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets

between them." *Magnaleasing Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (D.C.N.Y. 1977) (Judgment debtor obtained discovery against a nonparty when the same individuals controlled both the judgment debtor and the third party.) *See also, Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 9 (D.D.C. 2006) (A creditor could obtain discovery from nonparty business run by debtor's relatives because relationship raised "a colorable suspicion" that the nonparty was a "mere extension" of a debtor's "business operations"); Thus, in order to successfully move for discovery against a nonparty the movant need not prove conclusively that the nonparty is an extension of the judgment debtor, but need only present evidence sufficient to raise legitimate questions about the relationship between the judgment debtor and the nonparty, and consequently, transactions between the two. Finally, when such questions have been raised, discovery against nonparties is especially unobjectionable where the requests are relevant to the judgment and limited in time. *British Intern. Ins. Co., Ltd. v. Seguros La Rupublica, S.A.*, 200 F.R.D. 586, 590 (W.D. Tex. 2000) (Request for records from nonparties regarding transfers of assets between judgment debtor and 12 other entities was proper considering the four-year time period for which records were sought.)

Plaintiff has presented evidence of the relationship between Defendant and the "nonparties" sufficient to raise legitimate questions about the transfer of assets between them. Defendant Split Rock, Inc. was comprised of shareholders Platt, Bylund, Smith, Boyce and Larson. Defendant Split Rock, Inc.'s Objection (Dkt. No. 190). On June 24, 2009, just one week after Plaintiff filed its motion for summary judgment, Defendant Split Rock, Inc. transferred $2,700,000.00 worth of assets in the form of its name and certain "build rights" to Split Rock Holdings. Defendant Split Rock, Inc.'s Objection (Dkt. No. 190). The only consideration was an

unsecured promissory note. Split Rock Holdings was at the time comprised of family limited partnerships of four of the five shareholders in Split Rock, Inc. - Platt, Bylund, Smith, and Boyce. Motion for Supplemental Orders in Supplemental Proceedings (Dkt. No. 178, Ex.12). Sometime after the transfer, Platt, Bylund, Smith, Boyce and their respective family partnerships or trusts were parties to an agreement creating a "relationship" to provide for "the continued development of real estate under the [build rights] and for the continued sharing of responsibility and benefit of said [build rights] between the principals through their respective companies." Motion for Supplemental Orders in Supplemental Proceedings (Dkt. 178, Ex.12, ¶1.a). On top of this, the "old" Split Rock, the "new" Split Rock, Split Rock at Entrada Real Estate, Split Rock Design, and Split Rock Construction all have or have had the same street address and attorney. Motion for Supplemental Orders in Supplemental Proceedings (Dkt. No. 178, Ex.12).

As in *Magnaleasing* and *Falicia*, the individual overlap and close familial relationships between the controlling parties gives rise to suspicion about the bona fides of the transfer of assets between them. The fact that the principals of Split Rock, Inc. remained involved in the operations and holdings of the "new" Split Rock, and arranged to derive continued benefits therefrom, and that several of the nonparties share or have shared a common address and attorney with Defendant further heightens those suspicions. Additionally, as the magistrate judge noted, the timing of the transfer of assets between these entities is suspect. Report and Recommendation (Dkt. No. 189, p. 5). Taken together, this evidence gives rise to legitimate questions about not only this transfer, but the existence of other possible transfers between the Defendant and nonparties – questions which can only be answered through additional discovery.

Defendant and nonparties ("objecting parties") have both filed objections to the Report and Recommendation. Objections to Report and Recommendation (Dkt. Nos. 190-200). As all their objections are nearly identical, they will be considered together. Objecting parties object that the magistrate judge's findings were not supported by the evidence. Objection to Report and Recommendation (Dkt. No. 190). However, as noted above, the evidence presented is more than sufficient to meet the applicable standard. Therefore, it is not unreasonable to suspect that Defendant may have transferred assets which might be subject to judgment to the nonparties and additional discovery is the only way to know for certain whether such transfers occurred. Furthermore, the fact that the transfer was disclosed and that Defendant received value for the assets does little to dispel the cloud of reasonable suspicion which hangs over the relationship between the parties and the timing of the transaction. This is true, particularly when the value received was in the form of an unsecured promissory note. The objecting parties offer no evidence that any payments on the note were ever made to Split Rock, Inc. by any of the purchasing parties notwithstanding the fact that payments are now being made to a creditor who has executed on the note. Objection to Report and Recommendation (Dkt. No. 190).

Objecting parties also object that because the court granted summary judgment on the issue of alterego in earlier proceedings, any assets transferred to the nonparties cannot be subject to judgment and the nonparties are not subject to discovery. This objection is both disingenuous and misses the point. It is true enough that the court granted partial summary judgment on some issues in favor of Defendants, including on the issue of alterego. Memorandum Decision and Order (Dkt. No. 136). But that determination was as to liability for the original breach of contract; it was only granted after this court held that Defendant Split Rock was liable for the

breach, and that the only outstanding issue was the amount of damages. Order (Dkt. No. 60), Motion for Summary Judgment (Dkt. No. 88), Memorandum Decision and Order (Dkt. No. 136.) Whether nonparties are Split Rock's alterego for purposes of contract liability is not the same issue as whether nonparties are Split Rock's alterego for purposes of engaging in fraudulent transfers of assets subject to judgment. But all of that is beside the point. Plaintiff is not seeking a declaration that the assets at issue are, in fact, subject to judgment. Rather, Plaintiff seeks supplemental proceedings to help it determine what assets, if any, might be available to aid in collecting on its judgment. The determination as to whether such assets are subject to judgment can only be made after the existence of Defendant's assets and the extent of any transfers are known.

Lastly, objecting parties argue that Plaintiff is engaging in an overly broad "fishing expedition" and imply that the court is endorsing such a practice. Again, this objection is highly disingenuous. A closer examination of the record makes clear that the magistrate judge was not endorsing the practice of fishing expeditions, but refuting it when he asserted it was the role of the court to "determine the length of the pole and the length of the line." Judgment Creditor's Memorandum in Response to Objections (Dkt. No. 206). This statement makes clear that the magistrate judge was concerned with the scope and breadth of discovery and wanted to ensure discovery was limited to specific relevant matters. Objecting parties are also disingenuous when they assert that Plaintiff is seeking "(a) All organizational documents; (c) All bank statements; (d) All financial statements, including income profit and loss statements; (f) All federal and state tax returns; (g) All assets; etc. from numersous third parties that were owners of Split Rock, Inc. or that are affiliated in any way with owners of Split Rock, Inc." Objection to Report and

Recommendation (Dkt. No. 190). If this is what Plaintiff was seeking it truly would be an overly broad fishing expedition. The objecting parties, however, have conveniently omitted the limiting language which precedes the quoted list for each request. That language reads: "Any and all documents which refer to, relate to or are evidence of [nonparties' transactions with Defendant] . . . from June 2009 through the present, including for each." Motion for Supplemental Orders in Supplemental Proceedings (Dkt. No. 178). Thus, Plaintiff is not requesting the broad swath of information Defendant would have the court believe. Instead, Plaintiff asks only for documents relating to transactions with Defendant, from a specific four-year period immediately following the transaction which gave rise to their initial suspicion. As in *British Intern. Ins. Co.*, the subject matter of the requested discovery was limited and the time period was limited to only four years. Thus, the requested discovery is not overly broad. Further, the proposed orders include a provision for a mutually agreed protective order which helps alleviate any privacy concerns. Therefore, Defendant's objection to the breadth of discovery fails.

**B. Order to Refrain from Disposing of Property**

DuCivR 69-1 provides that a moving party may request that "the debtor *or other person*" may be ordered to refrain from alienation or disposition of "property or assets in any way detrimental to the moving party's interest." DUCivR 69-1(a) (emphasis added). This rule clearly contemplates the jurisdiction and authority of the court to restrain the actions of individuals and entities other than the original parties to the underlying judgment.

Under the well-settled principle of ancillary jurisdiction, a federal court has the inherent power to enforce its own judgments. *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934); *see also* 28 U.S.C. § 1367. This jurisdiction includes a "broad range of supplementary proceedings

involving third parties." *Peacock v. Thomas*, 516 U.S. 349, 356 (1996). The ability to exercise jurisdiction over new or nonparties in supplemental proceedings has been expressly recognized "so long as it is necessary to reach assets of the judgment debtor under the control of the third party in order to satisfy the original judgment and thereby guarantee its eventual executability." *U.S.I. Properties Corp. v. M.D. Construction Co.*, 230 F.3d 489, 497 (1st Cir. 2000). Thus, a court may prohibit a nonparty from transferring assets it received from a judgment debtor and which may be subject to judgment in order to preserve a creditor's access to them. *Gambone v. Lite Rock Drywall*, 288 Fed. Appx. 9 (3d Cir. 2008)

In *Gambone*, the district court's order prohibiting the transfer of patents held by a nonparty was upheld as an exercise of ancillary jurisdiction. The circuit court reasoned that because the patents were received from a judgment debtor in suspicious and allegedly fraudulent transactions and the plaintiff was not seeking to impose liability on the nonparty only to preserve access to assets which may be subject to judgment, the district court's order was valid. *Gambone*, 288 Fed. Appx. at 12. Here, Plaintiff has asked the court to issue a similar order. As noted, *supra*, Plaintiff has presented evidence which raises questions about the *bona fides* of the transfer of assets between the debtor and nonparties. Plaintiff is not asking the court to impose liability on the nonparties, but only to "preserve access" to assets which may be subject to its valid judgment. Nonparties received notice of the proposed orders through their common attorney. Certificate of Service (Dkt. No. 179). They had the opportunity to object and did, in fact, object to the magistrate judge's report and recommendations. Objection to Report and Recommendation (Dkt. No. 190) Thus, it is within the ancillary jurisdiction of the court to grant

Plaintiff's motion and order the nonparties to refrain from alienating or disposing of any assets received from Defendant which may be subject to judgment.

Objecting parties object to the magistrate judge's recommendation on the grounds that it fails to meet the requirements for a preliminary injunction, as set forth in *Penzoil Co. v. Texaco, Inc.*, (citation omitted). Objection to Report and Recommendation (Dkt. No. 190). However, Plaintiff does not seek a preliminary injunction akin to that sought in *Penzoil*. There, the plaintiff was seeking a preliminary injunction to prevent a merger pending a final determination of whether that merger violated a federal statute. Here, a final decision in the form of a valid judgment has already been entered. Memorandum Decision and Order of Default (Dkt. No. 164), Default Judgment (Dkt. No 165). Plaintiff merely seeks to prevent Defendant and nonparties from transferring assets subject to that judgment until the judgment has been satisfied in accord with its rights under the rules of this district. This court has already ordered Defendant to refrain from transferring assets subject to the judgment. Order in Supplemental Proceedings (Dkt. No. 170). Plaintiff has presented evidence which is sufficient to suggest that Defendant may have earlier transferred assets to the nonparties which may be subject to judgment. To allow nonparties to transfer assets that may be subject to judgment and that Defendant could not transfer if it still possessed, would be extremely detrimental to Plaintiff's interest, would circumvent the court's existing order and would defeat the purpose of DUCivR 69-1. Furthermore, as established, *supra*, the granting of an order prohibiting such transfers is well within the court's ancillary jurisdiction.

**II. Conclusion**

For the reasons stated herein, the magistrate judge's Report and Recommendation is APPROVED AND ADOPTED by the court and Plaintiff's Motion for Supplemental Orders in Supplemental Proceedings (Dkt. No. 178) is GRANTED. The objecting parties objections are overruled and the Motion to Quash are DENIED. Objections to Report and Recommendation (Dkt. Nos. 191-199, 202).

SO ORDERED this 27th day of September, 2013.

BY THE COURT:

Clark Waddoups
United States District Judge