IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MOUNTAIN DUDES,<br><br>             Plaintiff,<br><br>v.<br><br>SPLIT ROCK, et al.,<br><br>             Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:08-cv-00940-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This supplemental matter was referred to the Court.  Plaintiff is Mountain Dudes.  Defendant

relevant here is Split Rock, Inc.  Relevant nonparties include: (1) Split Rock Interior; (2) Split

Rock Design; (3) Split Rock at Entrada Real Estate Company (Landea Realty); (4) Split Rock

Development Group; (5) Split Rock Development; (6) Split Rock Construction; (7) Split Rock

Holdings; (8) the Ren G. Boyce Family Limited Partnership; (9) the Bartley Smith Family

Limited Partnership; (10) the Kent L. Bylund Family Limited Partnership; and (11) the Joseph L.

and Susan A. Platt Family Protected Limited Partnership.  The Court refers to Defendant and the

relevant nonparties collectively as the "Responding Parties."

The Court now considers Plaintiff's motion for a protective order and for attorney's fees

incurred by drafting the motion.  (Docket No. 214.)  For the reasons discussed below, the Court

**GRANTS** the motion.

## II. PROCEDURAL HISTORY

On November 9, 2012, the District Court ordered a default judgment in Plaintiff's favor

against Defendant Split Rock, Inc. for $1,175,507.98. (Dkt. No. 165.) Defendant failed to

satisfy the judgment. On April 26, 2013, Plaintiff moved for supplemental orders in

supplemental proceedings. (Dkt. No. 178.) On September 29, 2013, the District Court adopted

this Court's Report and Recommendation to grant Plaintiff's motion. (Dkt. No. 209.) Pursuant

thereto, this Court held supplemental proceedings on November 12, 2013. (Dkt. No. 212.)

During the hearing, Defendant Split Rock, Inc. produced twenty boxes of documents that

contained employee records. Responding Parties further anticipated producing tax returns.

Responding Parties requested that the documents and tax returns be designated confidential

because they contained employees' personal identifying information. Plaintiff agreed to this

request. Accordingly, the parties orally stipulated to a protective pertaining to any personal

information in the twenty boxes of documents and tax returns. (Dkt. No. 212.)

The Court instructed the parties to submit a proposed stipulated protective order to reflect

their oral agreement within fourteen days, which date fell on November 26, 2013. (*Id.*) At the

hearing's conclusion, the Court warned Responding Parties that it expected them to cooperate

and that it would entertain motions for attorney's fees and sanctions if they failed to do so.

## III. PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

After the November 12, 2013 hearing, Plaintiff's counsel drafted a proposed protective order.

(Dkt. No. 214-1.) Plaintiff's counsel *twice* emailed Responding Parties' counsel to obtain his

approval for the proposed order. (Dkt. No. 214, Ex. A.)[1] Responding Parties' counsel never

---

[1] Plaintiff's counsel sent his first email on November 19, 2013, and he sent a follow-up email on
November 25, 2013. (Dkt. No. 214, Ex. A.)

responded to these emails.  To comply with this Court's November 26, 2013 deadline, Plaintiff

submitted a non-stipulated motion for a protective order on that date.  (Dkt. No. 214.)

On December 2, 2013, Responding Parties opposed Plaintiff's motion for a protective order.

(Dkt. No. 217.)  However, on December 19, 2013, Responding Parties filed a reply wherein they

agreed to withdraw their opposition.  (Dkt. No. 220 at 3.)  In return for withdrawing the

opposition, Responding Parties requested that Plaintiff's proposed protective order apply to all

documents produced in "post-collection discovery . . . ."  (*Id.* at 2.)[2]  The parties never discussed

this issue at the November 12, 2013 hearing.  Nevertheless, on January 3, 2014, Plaintiff agreed

to apply its proposed protective order to all post-collection discovery.[3]  Given these

circumstances, the Court **GRANTS** Plaintiff's motion for a protective order.  (Dkt. No. 214.)[4]

## IV.    PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiff requests the reasonable attorney's fees it incurred by bringing its motion for a

protective order, and having to reply to Responding Parties' original opposition.  (Dkt. No. 218

at 3, 11.)  Fed. R. Civ. P. 37(a)(5) "applies to the award of expenses" when a party files a motion

for a protective order.  Fed. R. Civ. P. 26(c)(3).  If the Court grants the motion, it "must" award

the movant the reasonable expenses it incurred by making the motion, including attorney's fees.

*Id.* 37(a)(5)(A).  However, the Court must not award expenses where the movant filed the motion

before making a good faith attempt to confer with the opposing party.  *Id.* 37(a)(5)(A)(i).

---

[2] Plaintiff's proposed protective order already applies to the twenty boxes of documents that
Defendant Split Rock, Inc. produced, as well as additional documents such as tax returns, bank
statements, and all documents referred to in the Supplemental Orders adopted by the District
Court.  (*See* Dkt. No. 214-1 at 2-3; Dkt. No. 189, Ex. 1, Attach. B.)

[3] Plaintiff's counsel, Randy M. Andrus, agreed by leaving a voicemail with this Court's
Chambers.

[4] The Court will concurrently issue the protective order with this Memorandum Decision.

Additionally, the Court must not award expenses where the opposing party's failure to cooperate was "substantially justified," or where "other circumstances make an award of expenses unjust." *Id.* 37(a)(5)(A)(ii)-(iii).

Here, the Court concludes Plaintiff deserves the attorney's fees it incurred by filing the motion for protective order and by replying to Responding Parties' opposition. Responding Parties orally stipulated to a protective order at the November 12, 2013 hearing. (Dkt. No. 212.) After the hearing, Plaintiff drafted a proposed protective order that reflected the parties' oral stipulation. (Dkt. No. 214-1.) Plaintiff drafted this proposed order *solely* for Responding Parties' benefit.

Nevertheless, Responding Parties ignored Plaintiff's two good-faith email attempts to obtain their consent to the proposed order. (Dkt. No. 214, Ex. A.) Responding Parties' counsel claims he "intended to call" Plaintiff's counsel about the proposed order prior to the November 26, 2013 deadline but did not because he "was involved in an emergency matter, including a Temporary Restraining Order, and Applications for Preliminary Injunction." (Dkt. No. 221 at 3 ¶ 10.) This excuse does not constitute other circumstances that make an award unjust. The Court earlier warned Responding Parties to cooperate, and provided them with a deadline to submit a proposed protective order (Dkt. No. 212).

The Court also finds that Responding Parties' original opposition to Plaintiff's motion was not substantially justified. Responding Parties opposed Plaintiff's motion because they wanted the documents they produced marked "CONFIDENTIAL" (Dkt. No. 217-2, Ex. B ¶ 7) rather than "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" (Dkt. No. 214-1 at 3 ¶ 1) as Plaintiff proposed. (Dkt. No. 217 at 3-4.) Responding Parties also opposed

Plaintiff's motion because Plaintiff's proposed order did not extend to privileged information that Responding Parties "inadvertently" produced. (*Id.* at 4.)

The Court agrees with Plaintiff that Responding Parties' argument about a "CONFIDENTIAL" designation borders on the "absurd." (Dkt. No. 218 at 11.) Plaintiff's proposed designation of "CONFIDENTIAL PRODUCED PURSUANT TO PROTECTIVE ORDER" is "common and standard, and assists as a reminder that there is [a] protective order involved rather than just a marking of 'confidential'." (*Id.*) The Court similarly rejects Responding Parties' privilege argument because the protective order stipulated to by the parties at the November 12, 2013 hearing never contemplated privileged information.

## V.     ORDERS

For the reasons set forth above, the Court issues the following **ORDERS**:

The Court **GRANTS** Plaintiff's motion for a protective order. (Dkt. No. 214.)

Under Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P 37(a)(5)(A), the Court **GRANTS** Plaintiff's motion for attorney's fees incurred by filings its motion for a protective order. (Dkt. No. 214.) By January 21, 2014, Plaintiff shall submit a memorandum of costs to the Court. In this memorandum, Plaintiff will specify the amounts it seeks from Responding Parties, and/or their counsel. By February 4, 2014, Responding Parties may respond to that memorandum.

After receiving these submissions, the Court will determine an appropriate dollar amount, and

enter the order against the appropriate parties.[5]

Dated this 7th day of January, 2014.          By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[5] The Court does not anticipate significant attorney's fees will be involved given the limited nature of Plaintiff's motion and Responding Parties' opposition.  (Dkt. Nos. 214; 217.)